Richard G. Grotch, Esq. – SBN 127713
Gina J. Allendorf, Esq. – SBN 203809
**CODDINGTON, HICKS & DANFORTH**
A Professional Corporation, Lawyers
555 Twin Dolphin Drive, Suite 300
Redwood City, CA 94065-2133
Telephone: (650) 592-5400
Facsimile: (650) 592-5027

**ATTORNEYS FOR** Defendant
US AIRWAYS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLGA BELKINA<br><br>    Plaintiff,<br><br>vs.<br><br>US AIRWAYS, INC., and DOES 1 to 50, Inclusive,<br><br>    Defendants. | Case No. CV12 0677<br><br>NOTICE OF REMOVAL FROM THE SAN FRANCISCO COUNTY SUPERIOR COURT |

TO THE CLERK OF THE COURT, PLAINTIFF OLGA BELKINA AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendant US AIRWAYS, INC. ("US Airways") hereby removes this action from the Superior Court of the County of San Francisco to the United States District Court for the Northern District of California.

///

///

///

///

///

///

///

1

NOTICE OF REMOVAL

## I. PROCEDURAL HISTORY

On or about December 8, 2011, plaintiff Olga Belkina filed in the Superior Court for the State of California in and for the County of San Francisco, an action entitled *Olga Belkina, Plaintiff v. US Airways, Inc. and DOES 1 through 50, Inclusive, Defendants*, Case No. CGC-11-516458 (hereinafter referred to as "the Action"). A true and correct copy of the complaint in the Action is attached hereto as Exhibit A.

## II. BASIS FOR REMOVAL – DIVERSITY JURISDICTION

Removal of the Action is appropriate under 28 U.S.C. § 1441(a), because this Court would have had original diversity jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1332 had plaintiff elected to file the action initially in federal court.

Plaintiff and defendant are citizens of different states. The amount in controversy exceeds $75,000, exclusive of interests and costs. Defendant is not a citizen of California.

### 1. There Is Complete Diversity of Citizenship

For diversity purposes, a corporation is deemed to be a citizen of its state of incorporation and the state where it has its principal place of business. See 28 U.S.C. § 1332(c)(1). Defendant US Airways, Inc. is a Delaware corporation with its principal place of business in Phoenix, Arizona.

US Airways is informed and believes that plaintiff Olga Belkina is a citizen of the State of California, residing in the City and County of San Francisco.

Accordingly, there is complete diversity of citizenship.

### 2. The Amount in Controversy Requirement is Satisfied

The amount in controversy in this case exceeds the $75,000 minimum requirement for the exercise of diversity jurisdiction under 28 U.S.C. § 1332(a).[1] Plaintiff Olga Belkina alleges she "was horribly burned by [a] scalding hot tea beverage" while a passenger on a San Francisco to Las Vegas flight. Complaint at ¶¶ 7-8. She alleges, too, that she "sustained permanent bodily injuries, and has had

---

[1] US Airways does not concede that plaintiff is legally entitled to damages in excess of $75,000, or in any amount.

and in the future will have pain, suffering, worry[,] anxiety, distressing mental anguish, general shock and traumatic neurosis." *Id.* at ¶ 10. In her complaint, plaintiff avers that she has "incurred and in the future will incur medical and related expenses" (*id.* at ¶ 12), and "has and in the future will lose the ability to do [her] usual work, and has and will have lost earning capacity" (*id.* at ¶ 13). Medical bills previously submitted to US Airways purport to show expenses of $34,428.78 were incurred.

### III. RECEIPT OF INITIAL PLEADINGS

Through its agent for service of process, US Airways was served with the summons and complaint in the Action on January 31, 2012. Attached as Exhibit B is a true and correct copy of the notice of service of process received by US Airways.

On February 8, 2012, US Airways filed and served its answer to the complaint in the Action. A true and correct copy of the answer filed by US Airways is attached hereto as Exhibit C.

### IV. VENUE OF REMOVED ACTION

This Court is the United States District Court for the district embracing the place where the state court action is pending (the Superior Court for the County of San Francisco). Therefore, pursuant to 28 U.S.C. §§ 1441(b) and 1446 and this Court's Civil Local Rule 3-2(e), the United States District Court for the Northern District of California, San Francisco-Oakland Division, is the appropriate court for the removal of the Action.

///

///

///

///

///

///

///

///

///

## V. CONCLUSION

US Airways respectfully requests that the Action be removed from the state court in which it was filed, to the United States District Court, Northern District of California, San Francisco-Oakland Division.

Dated: February 10, 2012

CODDINGTON, HICKS & DANFORTH

By: _____
Richard G. Grotch
Attorneys for Defendant
US Airways, Inc.

EXHIBIT A

Anna Dubrovsky, Esq., SBN 197116
Pavel Krepkiy, Esq., SBN 269855
ANNA DUBROVSKY LAW GROUP, INC.
101 Montgomery Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 746-1477
Facsimile: (415) 746-1478

Attorneys for Plaintiff OLGA BELKINA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN FRANCISCO

UNLIMITED CIVIL JURISDICTION

CGC-11-516458

| | |
|---|---|
| OLGA BELKINA, | CASE NO.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | (Negligence) |
| US AIRWAYS, INC. and DOES 1 TO 50, Inclusive | (Airplane related, Jury Trial Demanded) |
| Defendants. | |

Comes now Plaintiff, Olga Belkina (hereinafter "Plaintiff"), by and through her attorneys, Anna Dubrovsky Law Group, Inc., and submits this Complaint for Damages against all Defendants named herein.

**FIRST CAUSE OF ACTION – NEGLIGENCE (PERSONAL INJURIES)**

PLAINTIFF OLGA BELKINA COMPLAINS OF DEFENDANTS US AIRWAYS, INC. AND DOES 1 THROUGH 50, INCLUSIVE AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE (PERSONAL INJURIES) ALLEGES:

1. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 50, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by said fictitious names. Plaintiff is informed and believes, and thereon alleges that each

EXHIBIT A

-1-

COMPLAINT FOR DAMAGES

of said Defendants is negligently or otherwise responsible in some manner for the events and happenings herein referred to, and negligently or otherwise caused injuries and damages proximately thereby to the Plaintiff as herein alleged.

2. Plaintiff is informed and believes that Defendant US AIRWAYS, INC. is a corporation. Plaintiff is informed and believes, and thereon alleges, that said Defendant is duly licensed to do business, and was and is doing business, under and by virtue of the laws of the state of California. When the true status of said Defendant is ascertained, Plaintiff prays leave of this Court to Amend this Complaint accordingly.

3. At all times relevant hereto, all Defendants were the agents, servants and employees of Their co-Defendants, and each of them, and in doing the things herein mentioned, were acting in the course and scope of their authority as such agents, servants and employees, and with the permission and consent of their co-Defendants.

4. At all times relevant hereto, Defendant US AIRWAYS, INC., and DOES 1 through 20, Inclusive, were the owners and operators of an airplane (hereinafter "Defendants' Airplane"). At all times relevant hereto, Defendants DOES 1 through 20, inclusive, were operating said airplane with the full knowledge and consent of the other Defendants in this paragraph named.

5. At all times herein mentioned, defendant US AIRWAYS, INC. was a common carrier for hire, engaged in the transportation of passengers in both domestic and international air travel. Said defendant owned, operated, controlled, serviced, maintained and flew, through its agents and employees acting in the course and scope of their employment, certain aircraft including that aircraft used as Flight No. 178 on December 26, 2009 from San Francisco, California to Las Vegas, Nevada.

6. As set forth in California Civil Code Section 2100, a carrier of persons for reward must use the utmost care and diligence for their safe carriage, and must provide everything necessary for that purpose, and must exercise to that end a reasonable degree of skill and vigilance such as that of a very cautious person towards their passengers. They are responsible for any, even the slightest,

negligence and are required to do all that human care, vigilance, and foresight reasonably can do under all the circumstances. This duty is one of the highest degree of care.

7. On or about December 26, 2009 plaintiff OLGA BELKINA was a fare-paying passenger on board US AIRWAYS, INC. Flight No. 178, a domestic flight from San Francisco, California to Las Vegas, Nevada pursuant to a ticket purchased in the United States providing for round trip transportation San Francisco to Las Vegas to San Francisco.

8. As a direct and proximate result of the conduct of defendant US AIRWAYS, INC. and those employees and agents acted on its behalf, Plaintiff OLGA BELKINA was horribly burned by scalding hot tea beverage by a flight attendant while a passenger on said flight.

9. Prior to and at the time of the incident as described, defendant US AIRWAYS, INC., through its agents and employees, negligently and carelessly owned, operated, controlled, serviced, maintained and flew and operated said aircraft, and hired, trained and supervised the flight and cabin crew, thereby proximately causing said accident.

10. As proximate result of said negligence of Defendants, and each of them, Plaintiff sustained permanent bodily injuries, and has had and in the future will have pain, suffering, worry anxiety, distressing mental anguish, general shock and traumatic neurosis.

11. Plaintiff also suffered general damages in an amount within the jurisdiction of the Court (Unlimited Jurisdiction), according to proof.

12. As a proximate result thereof this plaintiff incurred and in the future will incur medical and related expenses all to plaintiff's damage in such amount as will be proven at trial.

13. As a proximate result thereof this plaintiff has and in the future will lose the ability to do plaintiff's usual work, and has and will have lost earning capacity all to plaintiff's damage in such amount as will be proven at trial.

14. As a proximate result thereof, certain property belonging to this plaintiff was damaged in such an amount as will be proven at trial.

15. As a proximate result thereof plaintiff has lost the use of and interest on the money owed to plaintiff from the date of this incident to judgment pursuant to Civil Code §3291 as follows:

    A.    On the medical expenses incurred to judgment.

    B.    On the loss of earnings to judgment.

    C.    On property damaged and destroyed.

WHEREFORE, plaintiff OLGA BELKINA prays judgment as against Defendants and each of them as follows:

    1.    For general damages according to proof, together with prejudgment interest on all such amounts from the date of the incident until paid as permitted by law;

    2.    For medical and related expenses according to proof;

    3.    For loss of earnings and earnings capacity according to proof;

    4.    For prejudgment interest on such items as is permitted by law;

    5.    For costs of suit incurred herein; and

    6.    For such other and further relief as to this court may seem just and proper.

DATED: December __, 2011

ANNA DUBROVSKY LAW GROUP, INC.

By: _____
Anna Dubrovsky, Esq.
Attorneys for plaintiff
OLGA BELKINA

-4-
COMPLAINT FOR DAMAGES

# CT Corporation

**Service of Process Transmittal**
01/31/2012
CT Log Number 519893566

**TO:** Susan Somma-Servidio
US Airways Group, Inc.
111 W. Rio Salado Parkway
Tempe, AZ 85281

**RE:** Process Served in California

**FOR:** US Airways, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Olga Belkina, Pltf. vs. US Airways, Inc., et al., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Instructions, Complaint, Statement, Notice, ADR Information Package, Attachment |
| **COURT/AGENCY:** | San Francisco County - Superior Court - San Francisco, CA Case # CGC11516458 |
| **NATURE OF ACTION:** | Personal Injury - On or about December 26, 2009 - Plaintiff was horribly burned by scalding hot tea beverage by a flight attendant while a passenger on said flight |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/31/2012 at 09:07 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | May 11, 2012 at 2:00 p.m. - Case management conference // Within 30 days after this summons - File a written response |
| **ATTORNEY(S) / SENDER(S):** | Anna Dubrovsky Anna Dubrovsky Law Group, Inc. 101 Montgomery Street, 27th Floor San Francisco, CA 94104 415-746-1477 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/31/2012, Expected Purge Date: 02/05/2012 Image SOP Email Notification, Amy Marciniak amy.marciniak@usairways.com Email Notification, Carole Wilder carole.wilder@usairways.com Email Notification, Ginnene Ray-Smith ginnene.ray-smith@usairways.com Email Notification, Susan Somma-Servidio susan.somma-servidio@usairways.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / WT

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT B

**EXHIBIT C**

Richard G. Grotch, Esq. – SBN 127713
Gina J. Allendorf, Esq. – SBN 203809
**CODDINGTON, HICKS & DANFORTH**
A Professional Corporation, Lawyers
555 Twin Dolphin Drive, Suite 300
Redwood City, CA 94065-2133
Telephone: (650) 592-5400
Facsimile: (650) 592-5027

**ATTORNEYS FOR** Defendant
US AIRWAYS, INC.

ENDORSED
FILED
Superior Court of California
County of ___

FEB 08 2012

CLERK OF THE COURT
BY: _WESLEY RAMIREZ_
              Deputy Clerk

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| OLGA BELKINA,<br><br>  Plaintiff,<br><br>vs.<br><br>US AIRWAYS, INC., and DOES 1 to 50, Inclusive,<br><br>  Defendants. | Case No.  CGC 11-516458<br><br>US AIRWAYS, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES<br><br>**BY FAX** |

COMES NOW defendant US AIRWAYS, INC., and in response to the unverified complaint of plaintiff on file herein, herewith denies each and every, all and singular, the allegations therein contained, and in this connection, defendant denies that plaintiff has been injured or damaged in any of the sums mentioned in the complaint, or in any sum whatsoever or at all, as a result of any act or omission of this answering defendant.

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, this answering defendant alleges that said complaint, and each cause of action thereof, fails to state facts sufficient to constitute a cause of action against this defendant.

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, this answering defendant alleges that plaintiff was herself careless and negligent in and about the matters alleged in the complaint; that said carelessness and negligence on said plaintiff's own part proximately contributed to the happening of the incident and to the injuries, loss and damage

EXHIBIT C

complained of, if any there were; that should plaintiff recover damages, defendant is entitled to have the amount thereof abated, reduced or eliminated to the extent that plaintiff's negligence caused or contributed to her injuries, if any.

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, this answering defendant alleges that plaintiff acted with full knowledge of all the facts and circumstances surrounding her injury and assumed the risk of the matters causing her injury, and that said matters of which plaintiff assumed the risk proximately contributed to the happening of the incident at bar and proximately caused her injury, if any.

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, this answering defendant alleges that named and/or unnamed third parties were careless and negligent in and about the matters alleged in the complaint; that said carelessness and negligence of said named and/or unnamed third parties proximately contributed to the happening of the incident and to the injuries, loss and damage complained of by plaintiff, if any there were; that should plaintiff recover damages, this answering defendant is entitled to have the amount thereof abated, reduced or eliminated to the extent that said named and/or unnamed third parties' negligence caused or contributed to plaintiff's injuries, if any.

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, this answering defendant alleges that plaintiff failed subsequent to the occurrence described in the complaint properly to mitigate her damages and thereby is precluded from recovering those damages which could have reasonably been avoided by the exercise of due care on the part of plaintiff.

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, this answering defendant alleges that plaintiff's complaint, and each cause of action thereof, is preempted by federal law, including, but not limited to, the provisions of the Airline Deregulation Act of 1978, 49 U.S.C. § 41713, *et seq.* and the Federal Aviation Act of 1958, 49 U.S.C. § 40101, *et seq.*

///

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, this answering defendant alleges that plaintiff's action is for alleged personal injury and/or property damage based upon principles of comparative fault and, accordingly, pursuant to the provisions of California Civil Code § 1431 *et seq.*, if California law were found to be applicable, the liability of defendant, if any, for non-economic damages, if any, shall be several only and shall not be joint.

AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, this answering defendant alleges that the incident and damages alleged in the complaint, if occasioned by fault, are attributable to the conduct of persons or entities over whom this answering defendant had no control at any time relevant hereto.

AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, this answering defendant alleges that the incident alleged in the complaint, and the injuries and damages plaintiff alleges she sustained, were not proximately caused by any act or omission on the part of this answering defendant.

AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, this answering defendant alleges that plaintiff's damages, if any, are due to the acts or omissions of persons or entities other than this answering defendant; however, in the event a finding is made that liability exists on the part of this defendant, it is entitled to indemnity and/or contribution from such persons or entities in direct proportion to their respective fault.

AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, this answering defendant alleges that plaintiff's claims may be limited and/or barred, as a matter of law, by the applicable contract(s) of carriage.

///

///

///

WHEREFORE, defendant prays that plaintiff take nothing against said defendant by her said complaint; that defendant have judgment for its costs of suit herein incurred, together with such other and further relief as may be just and proper.

Dated: February 7, 2012

CODDINGTON, HICKS & DANFORTH

By: /s/ Richard G. Grotch
Richard G. Grotch
Attorneys for Defendant
US Airways, Inc.

4

ANSWER TO COMPLAINT
Case No: CGC-11-516458

**PROOF OF SERVICE**
California Code of Civil Procedure sections 1011, 1013, 1013a, 2015.5
California Rule of Court rule 2.260
Federal Rule of Civil Procedure Rule 5(b)

I, the undersigned, declare that I am employed in the County of San Mateo, State of California. I am over the age of eighteen (18) years and not a party to the within action. My business address is 555 Twin Dolphin Drive, Suite 300, Redwood City, California 94065. My electronic mail address is

I am readily familiar with my employer's business practice for collection and processing of correspondence and documents for mailing with the United States Postal Service, mailing via overnight delivery, transmission by facsimile machine, and delivery by hand.

On February 7, 2012, I served a copy of each of the documents listed below by placing said copies for processing as indicated herein.

**US AIRWAYS, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES**

__X__    **United States Mail**: The correspondence or documents were placed in sealed, labeled envelopes with postage thereon fully prepaid on the above date placed for collection and mailing at my place of business to be deposited with the U.S. Postal Service at Redwood City, California on this same date in the ordinary course of business.

_____    **Overnight Delivery**: The correspondence or documents were placed in sealed, labeled packaging for overnight delivery, with **Federal Express,** with all charges to be paid by my employer on the above date for collection at my place of business to be deposited in a facility regularly maintained by the overnight delivery carrier, or delivered to a courier or driver authorized by the overnight delivery carrier to receive such packages, on this date in the ordinary course of business.

_____    **Hand Delivery**: The correspondence or documents were placed in sealed, labeled envelopes and served by personal delivery to the party or attorney indicated herein, or if upon attorney, by leaving the labeled envelopes with a receptionist or other person having charge of the attorney's office.

_____    **Facsimile Transmission**: The correspondence or documents were placed for transmission from (650) 592-5027 at Redwood City, California, and were transmitted to a facsimile machine maintained by the party or attorney to be served at the facsimile machine telephone number provided by said party or attorney, on this same date in the ordinary course of business. The transmission was reported as complete and without error, and a record of the transmission was properly issued by the transmitting facsimile machine.

///

///

    \_\_\_\_ **Electronic Transmission**: The correspondence or documents were transmitted electronically at **[Insert Exact Time]** on **[Date]**.

    \_\_\_\_ State. The recipient has filed and served notice that he or she accepts electronic service; the recipient has electronically filed a document with the court; and/or the recipient has electronically filed a document with the court. The printed form of this document bearing the original signature is on file and available for inspection at the request of the court or any party to the action or proceeding in which it is filed, in the manner provided in California Rule of Court Rule 2.257(a).

    \_\_\_\_ Federal. The recipient of this electronic service has consented to this method of service in writing, a copy of which is on file and available for inspection in my employer's office. I have received no indication the electronic transmission did not reach the recipient.

PERSONS OR PARTIES SERVED:

***Counsel for Plaintiff***

Anna Dubrovsky
Anna Dubrovsky Law Group, Inc.
101 Montgomery Street, 27th Floor
San Francisco, CA 94104

Telephone:  (415) 746-1477
Facsimile:  (415) 746-1478
E-mail:  anna@dubrovskylawyers.com

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on February 7, 2012.

*(signed)* Hilda Alvarez

*Court: Superior Court of California, San Francisco County*
*Action No: CGC-11-516458*
*Case Name: Belkina v. US Airways*